**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT VERMETT,

        Petitioner,

v.
                               Case No. 2:20-CV-11333
                               HONORABLE NANCY G. EDMUNDS
                               UNITED STATES DISTRICT JUDGE

MIKE BROWN,

        Respondent,
_____/

**OPINION AND ORDER TRANSFERRING THE EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Robert Vermett, ("petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, filed a an emergency petition for writ of habeas corpus in this district pursuant to 28 U.S.C. § 2241. Petitioner also seeks injunctive relief and a temporary restraining order. In his application, petitioner seeks to be released from prison on the life sentence he is serving because of the Coronavirus pandemic and his fear that he might contract the disease, in spite of the efforts taken by the Michigan Department of Corrections to prevent the spread of Coronavius in the prisons. In the interests of justice, the Court concludes that the proper venue for this petition is in the Western District of Michigan and orders that the petition be immediately transferred to that district.

**I. DISCUSSION**

"Writs of habeas corpus may be granted by . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has

1

custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004)(quoting 28 U.S.C. § 2242); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained").

Petitioner does not challenge his conviction in this petition but rather the conditions of his confinement, namely, the risk that petitioner might contract Coronavirus while incarcerated. Petitioner seeks immediate release from custody, claiming that none of the precautions taken by the Michigan Department of Corrections to protect the prisoners from contracting the disease are sufficient to prevent the spread of the disease.

When a habeas petitioner challenges his or her present physical confinement, the only proper respondent is the warden of the facility where the petitioner is being held. *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018)(citing to *Rumsfeld,* 542 U.S. at 435).

For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-820 (E.D. Mich. 1988)(Zatkoff, J.); 28 U.S.C. § 1404(a). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D.N.J. 2002).

Petitioner is currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, which is located the Western District of Michigan. Petitioner does not directly challenge his conviction but instead challenges the conditions of his confinement related to the risks associated with the Coronavirus. A habeas petition filed in the district court in the district of petitioner's confinement is the proper means of testing the conditions of petitioner's confinement. *See Coates v. Smith*, 746 F.2d 393, 395 (7th Cir. 1984); *See also Barrera v. Decker*, No. 20-CV-2755 (VEC), 2020 WL 1686641, at *1 (S.D.N.Y. Apr. 7, 2020)(district court in the Southern

2

District of New York lacked venue over habeas petitioner's claim that his health condition put him at imminent risk of contracting COVID-19, where the petitioner was incarcerated in New Jersey).

Venue is improper in this district. The Court orders that the case be transferred to the Western District of Michigan. "Given the significant liberty interests at stake, the time-sensitivity of Petitioner's claims, and the risks to Petitioner's health posed by the rapid spread of COVID-19," the Court "directs the Clerk to effectuate the transfer as soon as possible." *Barrera v. Decker*, 2020 WL 1686641, at * 1.

## II.  ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

s/ Nancy G. Edmunds_____
**HONORABLE NANCY G. EDMUNDS**
Dated:  June 2, 2020     **UNITED STATES DISTRICT JUDGE**

I certify that a copy of this Order was served upon all counsel of record on June 2, 2020, by electronic and/or ordinary mail.

s/ L. Bartlett
Case Manager